IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HOPE ELLY, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DICK'S SPORTING GOODS, INC., )<br>    Defendant. ) | CIVIL ACTION: 16-00569-KD-C |

**ORDER**

This matter is before the Court on Plaintiff's Rule 41(a)(2) motion to dismiss (Doc. 19).

Specifically, Plaintiff seeks to voluntarily dismiss her claims against the Defendant with prejudice. Defendant has filed an Answer. (Doc. 5). Defendant did not sign Plaintiff's motion and it is not a joint stipulation of dismissal. As such, any dismissal must be accomplished pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, on terms the Court considers proper, only by Court order:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed.R.Civ.P. Rule 41(a)(2). While the Eleventh Circuit "has not explicitly adopted factors that a trial court should evaluate" for Rule 41(a)(2) motions, "substantial discretion is vested in the district court to determine and implement a just resolution." BMC–The Benchmark Mgt. Co. v. Ceebraid–Signal Corp., 2007 WL 2126272, *5 (N.D. Ga. July 23, 2007) (citations omitted). When courts have denied a Rule 41(a)(2) motion, the following factors were important: the length of time and amount of resources spent by the defendant, dilatory tactics on the part of the plaintiff and the presence of a pending summary judgment motion. Id. See also Pontenberg v.

Boston Scientific Corp., 252 F.3d 1253, 1255–1256, 1259 (11th Cir. 2001).

In this case, Plaintiff seeks to voluntarily dismiss all of her claims, with prejudice, against the Defendant. As grounds, Plaintiff asserts: she is "content that the matters raised…are properly addressed by the Defendant[,]" "[t]here is no compelling reason" to continue the case and defendant "does not appear to oppose the dismissal." (Doc. 19).

Plaintiff initiated this action on November 17, 2016. (Doc. 1). On December 12, 2016, Defendant filed its answer. (Doc. 5). On February 24, 2017, Plaintiff filed the present motion to dismiss. (Doc. 19). As such, the length of time and amount of resources spent by the defendant appears to be minimum, there is no indication of any dilatory tactics on the part of the plaintiff, and no summary judgment motion has been filed. Moreover, the Defendant has not argued, and there is nothing suggesting, that it will be prejudiced.[1]

Upon consideration, it is **ORDERED** that all of Plaintiff Hope Elly's claims against Defendant Dick's Sporting Goods, Inc. are **DISMISSED with prejudice,** with each party to bear her or its own attorneys' fees and costs.

**DONE** and **ORDERED** this **20th** day of **March 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] Defendant was provided with the opportunity to respond to Plaintiff's motion by March 10, 2017 (Doc. 20); no response was filed.